In the Matter of the Arbitration between ALWYN RAND, Appellant, and GUY SPINELLO, Respondent.—

Hopkins, Acting P. J., Brennan and Benjamin, JJ., concur; Gulotta, J., dissents and votes to reverse the order and to grant the application, with the following memorandum, in which Christ, J. concurs: This appeal involves the correctness of an order which denied petitioner a stay of arbitration. Respondent allegedly commenced this arbitration proceeding by having his attorney mail a letter dated August 7, 1970 to the American Arbitration Association demanding arbitration. No service of any kind was made or attempted upon petitioner. On September 4, 1970 petitioner received a letter from the Association informing him of the pendency of the matter. By letter dated September 8, 1970, petitioner's attorney called the attention of the Association to the impropriety of the proceeding in that his client had never been served with a notice of intention to arbitrate or a demand for arbitration. He announced his intention to institute a proceeding to stay the arbitration. The instant proceeding was commenced by notice of petition dated September 9, 1970. Thereafter, by letter dated September 11, 1970, the Association's Tribunal Administrator notified both attorneys that he was adjourning the matter to September 28, 1970 and directed respondent's attorney to forward a copy of the demand for arbitration to petitioner's attorney. Pursuant thereto, respondent's attorney sent a copy of

his original letter to the Association to petitioner's attorney, by certified mail, together with a letter of transmittal, but that letter is dated September 10, 1970. In our opinion, a stay of arbitration should have been granted on the ground that service of the notice of intention to arbitrate upon the Association and no one else was a nullity. CPLR 7503 (subd. [c]) requires that a notice of intention to arbitrate, which is the first paper in the proceeding, be served upon a *party* in like manner as a summons or by registered or certified mail. An allied question was recently considered by the Court of Appeals in *Matter of Knickerbocker Ins. Co. (Gilbert)* (28 N Y 2d 57). However, that case dealt with the timeliness of a motion to *stay* arbitration and not with a notice to *commence* arbitration. It has a superficial analogy to this case in holding as a secondary point that service of a notice of motion for a stay of arbitration by certified mail on the attorney for the initiator of the arbitration is valid, the rationale being that the latter, by commencing the proceeding, had consented to such service. The court said (pp. 64–65) : " Consequently, it is more broadly logical and much more salutary to regard the service of the notice to arbitrate as importing a consent to the 'procedure associated with and provided for a motion to stay arbitration, invited by a notice to arbitrate. For that reason, the rule in the *Bauer* case (*supra* [31 A D 2d 239]), viewing the notice to stay as invited by the notice to arbitrate, is preferable to the restrictive view taken in the *Monarch* [32 A D 2d 819] and *State-Wide* [30 A D 2d 694] cases (*supra*)." No such consent can be implied with respect to the first paper in a proceeding. Moreover, in the instant case no service was made, even upon the attorney, until after the present challenge was made. The sufficiency of service of process is not determined by the happenstance that a stranger later brought the proceeding to the attention of a party; nor can an insufficient service be made good by making another service while the first one is allegedly pending and under attack. As to the arbitration tribunal's attempt to cure the defect by putting the matter over, its authority to adjourn the hearing could not come into being until it had acquired jurisdiction of the parties in the first instance. Therefore we do not reach the question whether the pending action is a bar to the maintenance of an arbitration proceeding, but we agree with the principle that, given a proper proceeding, determination of that question should await the service of a complaint which will disclose whether there is an identity between the two claims.